**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

OLGA CALERO, on behalf of
herself and on behalf of all others
similarly situated,

    Plaintiffs,

v.                                                                  CASE NO.:

FANATICS, INC., and
FANATICS RETAIL GROUP
FULFILLMENT, LLC,

    Defendants.
_____/

**CLASS ACTION COMPLAINT
(JURY TRIAL DEMANDED)**

    Named Plaintiff, Olga Calero, files this Class Action Complaint against Defendants Fanatics, Inc. ("Defendant Corporate Fanatics"), and Fanatics Retail Group Fulfillment, LLC ("Defendant Retail Fanatics") (collectively, "Defendants" or "Fanatics") on behalf of herself and all others similarly-situated.

    In sum, Defendants violated the Worker Adjustment and Retraining Notification Act, 29 U.S.C. § 2101 et seq. (the "WARN Act") by terminating the Named Plaintiff and the putative class members without providing sufficient advance written notice as required by the WARN Act. In further support thereof, the Named Plaintiff alleges as follows:

## NATURE OF THE ACTION

1. This action seeks to recover back pay and benefits under the WARN Act to redress a common course of conduct by Defendants which resulted in the termination of hundreds of employees as part of a series of mass layoffs without proper legal notice.

2. Defendants' mass layoffs deprived the Named Plaintiff and the Putative Class Members "…and their families [of] some transition time to adjust to the prospective loss of employment, to seek and obtain alternative jobs and, if necessary, to enter skill training or retraining that will allow these workers to successfully compete in the job market." 20 C.F.R. § 639.1(a).

3. Defendants failed to provide the Named Plaintiff and the Putative Class Members with the sixty (60) days advance written notice that is required by the WARN Act.

4. Due to COVID-19, Defendants will likely claim exemption from this requirement under the "unforeseeable business circumstance" exception of the WARN Act.

5. Under that exception, "[a]n employer may order a plant closing or mass layoff before the conclusion of the 60-day period if the closing or mass layoff is caused by business circumstances that were not reasonably foreseeable as of the time that notice would have been required." 29 U.S.C. § 2102(b)(2)(A).

6. However, Defendants were still mandated by the WARN Act to give the Named Plaintiff and the putative class members "give as much notice as is practicable." They failed to do so here, giving Named Plaintiff only four days' advance written notice of her termination.

7. The crucial date under the WARN Act is not the date when the company knows that a mass layoff is imminent, nor is it the date when the company finally gets around to

identifying the exact employees affected by the mass layoff. Rather, the WARN Act states plainly that the trigger date is the date when a mass layoff is "reasonably foreseeable."

8.    As soon as it is probable that a mass layoff will occur, the employer must provide notice as soon as is practicable. Here, upon information and belief, Defendants likely knew near the end of March (as evidenced by the March 20 large-scale furlough discussed below), or in very early April, that a mass layoff was "reasonably foreseeable."

9.    Despite all of this, rather than notifying Plaintiff and the putative class members that the mass layoff was reasonably foreseeable, from March 20 through August 24, 2020 Defendants led Plaintiff and the putative class members to believe they would soon return to work through various e-mail correspondence.

10.   This, in turn, caused the Named Plaintiff <u>not</u> to seek other employment as she erroneously assumed she would be brought back to work. The same is true for other putative class members.

11.   As more fully explored below, the Defendants are part of a sophisticated, integrated, and interrelated retail business which, at all material times, was centrally controlled by a common set of officers, directors, and managers.

12.   Upon information and belief, Defendants operated as a "single employer" for purposes of the WARN Act at all material times hereto, including with respect to the coordinated decision to terminate the Named Plaintiff and putative class members by engaging in mass layoffs.

## JURISDICTION AND VENUE

13. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as well as 29 U.S.C. §§ 2102, 2104(a)(5).

14. Venue in this District is proper under 28 U.S.C. §1391(b) and (c), and Section 2104 of the WARN Act, 29 U.S.C. § 2104(a)(5).

## THE NAMED PLAINTIFF

### *Named Plaintiff Olga Calero*

15. Named Plaintiff Olga Calero worked for Fanatics for nearly 16 years before she was abruptly terminated. She last worked as a shipping clerk for Defendants at the Fanatics facility located 8221 Eagle Palm Drive, Riverview, FL 33578.

16. The specific entity listed on her paychecks is "Fanatics Retail Group Fulfillment, LLC."

17. Plaintiff was furloughed on March 20, 2020, along with in excess of 100 other full-time employees of Defendants.

18. From March 20, 2020 through August 24, 2020 Plaintiff received multiple e-mails and phone calls from Defendants indicating she and the furloughed employees would be brought back to work.

19. However, that did not happen. Instead, on August 24, 2020, Plaintiff and the putative class members were told in writing for the first time they would be terminated effective August 28, 2020.

20. More specifically, on August 24, 2020, Named Plaintiff received the written notice from the Fanatics Human Resources Department.

21. That notice failed to comport with the WARN Act's notice requirements mandated by 20 CFR § 639.7. For example, it failed to include "the name and address of the employment site where the plant closing or mass layoff will occur." It also failed to bother including a "telephone number of a company official to contact for further information," opting instead to merely give an e-mail and mailing address to the hundreds of people subjected to the mass layoff.

22. Not only that, the notice fails to include a specific "…statement as to whether the planned action is expected to be permanent or temporary and, if the entire plant is to be closed, a statement to that effect." And, it fails to include "[t]he job titles of positions to be affected and the names of the workers currently holding affected jobs"

23. Thus, to date, Plaintiff and the putative class members have still not received a WARN notice that complies with 20 CFR § 639.7.

24. Defendants' decision to terminate Plaintiff was devastating to her as she had worked at Fanatics for over two decades. And, while she understood that the ongoing pandemic was causing problems for the company, she both expected was entitled to sufficient advance written notice as to her termination.

25. The written notice she received on August 24, 2020, simply was not as much notice as practicable under the circumstances, as explained further below.

## THE FANATICS DEFENDANTS

26. Each Defendant employed 100 or more employees, as required for coverage under the WARN Act. More importantly, the two Defendants constitute a "single employer" for purposes of WARN Act Liability.

27. Two or more affiliated businesses which constitute a "single employer" may be held jointly and severally liable for violations of the WARN Act.

## PUTATIVE CLASSES DEFINED

28. The Named Plaintiff and the other Class members were employees of Defendants who were terminated without cause on their part on or about August 24, 2020, as part of or as the reasonably expected consequence of a mass layoff, which was effectuated by Defendants on or about that date.

29. Defendants failed to give the Named Plaintiff and the putative class members as much advance written notice as practicable under the circumstances.

30. In violation of the WARN Act, Defendants failed to provide as much written notice as was practicable under the circumstance surrounding the COVID-19 pandemic.

31. Defendants could have but failed to evaluate the impact of COVID-19 upon its employees in the critical months and weeks leading up to the mass layoffs.

32. Moreover, the fact that Congress recently made available to Defendants and many other businesses nationwide millions of dollars in forgivable loans through the "Paycheck Protection Program," but Defendants still opted to instead in a mass layoff -- and do so without sufficient advance written notice to its employees -- only further highlights the WARN Act violations committed by Defendants.

33. Additionally, just a few days before the mass layoff, *The Wall Street Journal* reported, "Fanatics Inc. closed a $350 million investment round, people familiar with the matter said, a sign of investor confidence in the combination of online shopping and official sports merchandise. With the funding round closing Thursday, Fanatics is now valued at roughly $6.2 billion after raising about $1.5 billion since 2011…."[1]

34. Not only that, once the Named Plaintiff and the putative class members were furloughed by Defendants in March of 2020 they were no longer being paid their salaries.

35. Thus, while they were furloughed Defendants could have easily provided the Named Plaintiff and the hundreds of putative class with the required 60 days' advance written notice required by the WARN Act ***because they were not being paid*** while furloughed.

36. Defendants' failure to provide its employees with sufficient advance written notice had a devastating economic impact on the Named Plaintiff and the putative class members.

37. As a consequence, the Named Plaintiff and the putative class members are entitled under the WARN Act to recover from the Defendants their respective compensation and benefits for 60 days, no part of which has been paid.

38. Specifically, the Named Plaintiff seeks to certify the following national class:

> **WARN Act National Class:**
> All former Fanatics employees throughout United States who were not given a minimum of 60 days' written notice of termination and whose employment was terminated on or about August 24, 2020, as a result of a "mass layoff" or "plant closing" as defined by the Workers Adjustment and Retraining Notification Act of 1988.

---

[1] *See* https://www.wsj.com/articles/web-retailer-fanatics-raises-350-million-amid-rebound-in-ipo-market-11597352761#:~:text=Sports%20retailer%20Fanatics%20Inc.%20closed,shopping%20and%20official%20sports%20merchandise, last accessed September 9, 2020.

39. In the alternative, and as a sub-class, Named Plaintiff seeks to have certified:

**WARN Act Riverview, Florida Sub-Class:**
All former Fanatics employees who worked at the Riverview, Florida Fanatics facility who were not given a minimum of 60 days' written notice of termination and whose employment was terminated on or about August 24, 2020, as a result of a "mass layoff" or "plant closing" as defined by the Workers Adjustment and Retraining Notification Act of 1988.

## THE WARN ACT CLAIM AND CLASS ALLEGATIONS

40. At all relevant times, the two Defendants each employed 100 or more employees, exclusive of part-time employees, *i.e.,* those employees who had worked fewer than 6 of the 12 months prior to the date notice was required to be given or who had worked fewer than an average of 20 hours per week during the 90 day period prior to the date notice was required to be given (the "part-time employees"), and each employed 100 or more employees who in the aggregate worked at least 4,000 hours per week exclusive of hours of overtime within the United States.

41. The termination on August 24, 2020, of the Named Plaintiff and the putative class members resulted in the loss of employment for at least 50 employees, excluding part-time employees, at each of the facilities at issue.

42. Specifically, Named Plaintiff worked at the Riverview, Florida facility where approximately 100-200 people were laid off.

43. The terminations on or about August 24, 2020 of the employment of persons who worked at these facilities, or as the reasonably foreseeable consequence of those terminations, resulted in the loss of employment for at least 33% of the facilities' respective employees, excluding part-time employees.

44. The Named Plaintiff and the putative class members were discharged without cause on their part on or about August 24, 2020, or thereafter, as the reasonably expected consequence of the terminations that occurred on that date.

45. The Named Plaintiff and the putative class members experienced an employment loss as part of, or as the reasonably expected consequence of, the mass layoffs which occurred on or about August 24, 2020.

46. Prior to their terminations, the Named Plaintiff and the putative class members did not receive written notice at least 60 days in advance of the termination of their employment.

47. Nor did they receive as much notice as practicable under the circumstances.

48. The Named Plaintiff and the putative class members constitute a class, or classes, within the meaning of Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure.

49. Each of the putative class members is similarly-situated to the Named Plaintiff with respect to his or her rights under the WARN Act.

50. Common questions of law and fact are applicable to the Named Plaintiff and the putative class members.

51. The common questions of law and fact arise from and concern the following facts, among others: that all Class members enjoyed the protection of the WARN Act; that all Class members were employees of the Defendants; that the Defendants terminated the employment of all the members of the Class without cause on their part; that the Defendants terminated the employment of the members of the Class without giving them at least 60 days' prior written notice as required by the WARN Act; that the Defendants failed to pay the Class

members wages and to provide other employee benefits for a 60-day period following their respective terminations; and on information and belief, the issues raised by any affirmative defenses that may be asserted by the Defendants.

52. The Named Plaintiff's claims are typical of the claims of the other members of the Class in that for each of the several acts of Defendants described above, the Named Plaintiff and the other Class members are injured parties with respect to his/her rights under the WARN Act.

53. The Named Plaintiff will fairly and adequately protect and represent the interests of the Class.

54. The Named Plaintiff has the time and her counsel the resources to prosecute this action.

55. The Named Plaintiff retained the undersigned counsel who have had extensive experience litigating WARN Act claims, employee rights' claims and other claims in Federal court.

56. The Classes identified herein are so numerous as to render joinder of all members impracticable in that there are hundreds, if not thousands, of members of the national class. There are also likely hundreds of members of the Florida class.

57. The questions of law and fact common to the members of the Classes predominate over any questions affecting only individual members.

58. A class action is superior to other available methods for the fair and efficient adjudication of this controversy.

59. No Class member has an interest in individually controlling the prosecution of a separate action under the WARN Act.

60. No other litigation concerning the WARN Act rights of any Class member has been commenced.

61. Concentrating all the potential litigation concerning the WARN Act rights of the Class members in this Court will avoid a multiplicity of suits, will conserve judicial resources and the resources of the parties, and is the most efficient means of resolving the WARN Act rights of all the Class members.

62. On information and belief, the names of all the Class members are contained in Defendants' books and records.

63. On information and belief, a recent residence address of each of the Class members is contained in Defendants' books and records.

64. On information and belief, the rate of pay and the benefits that were being paid or provided by Defendants to each Class member at the time of his or her termination are contained in Defendants' books and records.

65. Defendants failed to pay the Named Plaintiff and the other Class members for the Defendants' violation of the WARN Act in an amount equal to the sum of or any part of the sum of (a) their respective wages, salary, commissions, bonuses and accrued pay for vacation and personal days for the work days in the 60 calendar days prior to their respective terminations and fringe benefits for 60 calendar days prior to their respective terminations; and (b) their medical expenses incurred during the 60 calendar days from and after the date of

his/her termination that would have been covered under the Defendants' benefit plans had those plans remained in effect.

66.     The Named Plaintiff hereby demands a jury trial of all issues that may be so tried.

*WHEREFORE*, the Named Plaintiff demands judgment as follows:

A.      In favor of the Named Plaintiff and each other Class member against the Defendants equal to the sum of: (a) wages, salary, commissions, bonuses, accrued pay for vacation and personal days, for 60 days; (b) pension, 401(k) contributions, health and medical insurance and other fringe benefits for 60 days; and (c) medical expenses incurred during the 60 day period following their respective terminations that would have been covered and paid under the Defendants' health insurance plans had coverage under that plan continued for such period, all determined in accordance with the WARN Act, 29 U.S.C. § 2104 (a)(1)(A).

B.      Appointment of the Named Plaintiff as Class Representative;

C.      Appointment of the undersigned as Class Counsel;

D.      In favor of the Named Plaintiff for their reasonable attorneys' fees and the costs and disbursements of prosecuting this action, as authorized by the WARN Act, 29 U.S.C. § 2104 (a)(6).

E.      Interest allowed by law;

F.      Such other and further relief as this Court deems just and proper.

Dated this 9th day of September, 2020.

           Respectfully submitted,

           /s/ Brandon J. Hill

           **BRANDON J. HILL**
           Florida Bar Number: 0037061
           **LUIS A. CABASSA**
           Florida Bar Number: 0053643
           **WENZEL FENTON CABASSA, P.A.**
           1110 North Florida Avenue, Suite 300
           Tampa, FL 33602
           Main No.: 813-224-0431
           Direct No.: 813-379-2565
           Facsimile: 813-229-8712
           Email: lcabassa@wfclaw.com
           Email: bhill@wfclaw.com
           Email: gnichols@wfclaw.com